UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Criminal Action No. 3:20-cr-00051-CHB-LLK

**UNITED STATES OF AMERICA**  PLAINTIFF / RESPONDENT

v.

**THOMAS MATTHEW FOLLMER**  DEFENDANT / MOVANT

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Movant filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, to which Respondent responded in opposition, and Movant replied. [Doc. 60, 72, 80]. The Court referred the matter to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 for "for findings of fact, conclusions of law, and recommendations on any dispositive matter." [Doc. 61].

Because Movant's four claims of ineffective assistance of trial counsel are without merit, the RECOMMENDATION will be that the Court deny the motion at Doc. 60.

### Background facts and procedural history

On June 17, 2020, Movant was indicted on five counts:

1. Advertising child pornography in violation of 18 U.S.C. 2251:  "On or about April 15, 2020, … [Movant] knowingly made a notice offering … a visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct."

2. Attempted production of child pornography in violation of 18 U.S.C. 2251:  "On or about April 15, 2020, … [Movant] attempted to employ … a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct."

3. Attempted enticement in violation of 18 U.S.C. 2422:  "On or about and between April 3, 2020, and April 17, 2020, … [Movant] did knowingly attempt to persuade … an individual who had not attained the age of eighteen years to engage in sexual activity."

4. Travel with intent to engage in illicit sexual activity in violation of 18 U.S.C. 2423:  "On or about and between April 3, 2020, and April 17, 2020, … [Movant] … travelled in interstate commerce, (from Kentucky to Tennessee), for the purpose of engaging in any illicit sexual conduct with … a 15-year-old child."

5. Possession of child pornography in violation of 18 U.S.C. 2252A:  "On or about April 17, 2020, … [Movant] knowingly possessed child pornography."

[Doc. 17].

On June 10, 2021, Movant entered into a written plea agreement in which the United States agreed that, in exchange for pleas of guilty to all five counts, "at the time of sentencing, … [it] will … agree that a sentence of 135 months is the appropriate disposition of this case." [Doc. 35]. The plea agreement recited the following factual basis for the above charges:

> An FBI agent out of the Western District of Tennessee was working undercover online on an online dating application as a 14-year-old female. On or about April 3, 2020, Follmer, age 48, from Kentucky, initiated a conversation with the undercover agent via the dating app. Follmer confirmed the agent's age as 14 and began planning travel to Tennessee to meet the undercover for a litany of sexual acts. Follmer then rented a hotel room in Tennessee for sex with the undercover and drove from Kentucky to Tennessee on April 17. Follmer was taken into custody in Tennessee and subsequently admitted he was there to meet a 14-year-old girl. The FBI reviewed Follmer's phone which contained an image of a nude toddler being vaginally stimulated by an adult woman. The phone also contained chats messages where Follmer asked what he believed to be a 16-year-old girl for nude picture. She sent him pictures of her breasts and vagina. This conduct is logged in the phone as occurring on April 15, 2020.

[Doc. 35].

On June 10, 2021, Movant pled guilty to all five counts. [Doc. 69].

On September 15, 2021, the presentence investigation report calculated Movant's Guidelines sentencing range to be 151 months to 188 months based on a total offense level of 34 and a criminal history category of I. [Doc. 65]. However, because Counts 1 and 2 carry statutory minimum sentences of 15 years (180 months), Movant's Guidelines sentencing range became 180 months to 188 months. *Id.*

On September 30, 2021, at the sentencing hearing, the Court granted the United States' motion, pursuant to 18 U.S.C. § 3553, to impose a sentence below the statutory minimum. [Doc. 65]. Pursuant to the terms of the written plea agreement, the Court sentenced Movant to 135 months of prison on Counts 1 through 4 and 120 months on Count 5, to be served concurrently, for a total sentence of 135 months. [Doc. 65].

On October 1, 2021, this Court entered its final judgment and sentence. [Doc. 51].

On or about September 27, 2022, Movant mailed the present Section 2255 motion to be filed. [Doc. 60 at PageID.252].

### Movant's claims

Movant claims that his appointed counsel, a federal public defender, was ineffective for advising him to plead guilty to all five counts. [Doc. 60]. Movant alleges four instances of ineffectiveness. *Id.*

Movant's first claim pertains to all five counts and alleges that, during plea negotiations, counsel "inadvertently notified" the prosecution that he was willing to discuss the possibility of a total sentence of "ten or more years." [Doc. 60 at PageID.243].

Movant's second and third claims pertain to Counts 1 and 2 and allege that the visual depiction that supported Counts 1 and 2 was faceless and that the United States could not have proven at trial that it was the image of a minor. Instead of advising Movant to plead guilty, counsel allegedly should have filed a motion to "suppress or dismiss" Counts 1 and 2 (Claim 3) or otherwise pursued a "factual defense" to Counts 1 and 2 (Claim 2). [Doc. 60 at PageID.244, 246].

Movant's fourth claim pertains to Count 1 and alleges that the United States offered to drop Count 1 on certain conditions, but counsel failed to convey the offer to Movant.

### Discussion

To be constitutionally ineffective, a defendant must prove that counsel performed in an objectively deficient manner and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 688, 687 (1984). To show prejudice, the defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697. "If

it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

In this case, the United States has obtained and submitted a 9-page affidavit from Movant's trial counsel. [Doc. 74]. The affidavit details the history of plea negotiations that occurred in this case. *Id.* This Report finds that the affidavit provides a defensible explanation for counsel's advice to Movant at each step of the plea negotiation process. However, this Report finds that it is "easier to dispose of … [Movant's] ineffectiveness claim[s] on the ground of lack of sufficient prejudice." *Strickland* at 697. Specifically, it is easier to conclude that, with or without the alleged ineffectiveness, Movant's total sentence still would have been at least 135 months (i.e., the sentence Movant actually received in this case). In fact, if Movant had insisted on proceeding to trial and was convicted on all five counts, his estimated Guidelines sentencing range would have been 188 to 262 months. [Doc. 74 at PageID.352].

As indicated in the above summary of Movant's four claims, Movant's second, third, and fourth claims relate to Counts 1 and 2. Assuming for the sake of argument that an effective counsel would have obtained dismissal of Counts 1 and 2, Counts 3, 4, and 5 would have remained. Count 3 carried/carries a statutory minimum sentence of 120 months, and, if convicted of Counts 3, 4, and 5, Movant's estimated Guidelines sentencing range was 135 to 168 months. [Doc. 74 at PageID.351]. There is no reason to believe Movant would not have been convicted on Counts 3, 4, and 5. So, even if counsel had obtained dismissal of Counts 1 and 2, Movant still would not have achieved a better sentence than the 135 months he actually received. It follows that Movant's second, third, and fourth claims are without merit due to lack of *Strickland* prejudice.

Movant's first claim is that counsel "inadvertently notified" the prosecution that he was willing to discuss the possibility of a total sentence of "ten or more years." [Doc. 60 at PageID.243]. Assuming for the sake of argument that counsel performed deficiently as alleged, the deficiency was not prejudicial for three reasons. First, on June 10, 2021, when he entered into his written plea agreement and pled guilty,

Movant (obviously) changed his mind about the possibility of "ten or more years." [Doc. 35]. Specifically, Movant accepted the United States' offer that, in exchange for pleas of guilty to all five counts, "at the time of sentencing, … [it] will … agree that a sentence of 135 months is the appropriate disposition of this case." *Id.* Second, with or without the alleged ineffectiveness, Movant still would have faced Count 3, which carried/carries a statutory minimum sentence of ten year. Third, Movant still would have faced charges out of Georgia that were similar to the charges in this case (based on Movant's conversations with another undercover agent). The Georgia prosecutor indicated that he/she would drop the Georgia charges only if Movant received a sentence "north of 10 years" in this case. [Doc. 74 at 350].

**The Court should deny Movant a certificate of appealability.**

The final question is whether Movant is entitled to a certificate of appealability (COA). To obtain a COA, Movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To satisfy this standard, Movant must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Movant has not shown that reasonable jurists would debate or maintain that any of Movant's claims has merit. Therefore, the Court should deny Movant a COA.

**RECOMMENDATION**

Because Movant's four claims of ineffective assistance of trial counsel are without merit, the Magistrate Judge RECOMMENDS that the Court DENY Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody at Doc. 60. The Magistrate Judge FURTHER RECOMMENDS that the Court DENY a certificate of appealability.

April 28, 2023

Lanny King, Magistrate Judge
United States District Court

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

April 28, 2023

Lanny King, Magistrate Judge
United States District Court