UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>THOMAS MATTHEW FOLLMER, )<br>)<br>Defendant/Movant. ) | Civil Action No. 3:22-CV-527-CHB<br>Criminal Action No. 3:20-CR-051-CHB<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDATION** |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the Findings of Fact, Conclusions of Law, and Recommendation filed by United States Magistrate Judge Lanny King [R. 82]. The Recommendation addresses Defendant Thomas Matthew Follmer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, in which Defendant alleges several grounds of ineffective assistance of counsel related to his child porn and other convictions. [R. 60].

Following the entry of Magistrate Judge King's Recommendation, Defendant filed a notice in the record stating: "I, Thomas Matthew Follmer, would like to exercise my right to appeal per *Thomas v Arn*, 728 F.2d 813 (6th Cir. 1984). My appeal is that of the magistrate judge reg[]arding my 2255." [R. 83]. Magistrate Judge King thereafter entered an order giving Defendant another opportunity to file objections within fourteen days and warned that, if no objections were filed, "the District Judge may adopt the Magistrate Judge's report without further discussion." [R. 84, p. 1]. No objections have since been filed, and the time for doing so has passed. The matter is therefore ripe for review. For the reasons set forth herein, the Court will adopt the Recommendation and deny Defendant's Motion.

- 1 -

In his Motion, Defendant alleges his counsel was ineffective for: (1) conceding guilt or contradicting her client; (2) failing to investigate an actual defense; (3) failing to file a motion to dismiss or to suppress; and (4) failing to convey a favorable plea. [*See* R. 60, pp. 4-8]. In his Recommendation, Magistrate Judge King addressed each of Defendant's claims, analyzing them through the lens of *Strickland v. Washington*, 466 U.S. 688, 687 (1984). Upon review, Magistrate Judge King concluded that Defendant failed to show sufficient prejudice to warrant relief. [*See, e.g.*, R. 82, p. 4 ("Specifically, it is easier to conclude that, with or without the alleged ineffectiveness, Movant's total sentence still would have been at least 135 months (i.e., the sentence Movant actually received in this case). In fact, if Movant had insisted on proceeding to trial and was convicted on all five counts, his estimated Guidelines sentencing range would have been 188 to 262 months.")]. Accordingly, Magistrate Judge King also recommended that the Court deny Defendant a certificate of appealability. [*Id.* at 5].

Generally, this Court must make a de novo determination of those portions of the Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Nevertheless, the Court has examined the record and agrees with the Recommendation. Specifically, the Court agrees with Magistrate Judge King's recommendations to deny Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [R. 60] and to deny a Certificate of Appealability under § 2253.

- 3 -

Regarding the second recommendation, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A "substantial showing" means a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484. Thus, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* In this case, the Court agrees with Magistrate Judge King's conclusion that reasonable jurists could not debate whether Defendant's motion should have been resolved differently. Accordingly, the Court finds that Defendant has not made a "substantial showing of the denial of a constitutional right" under § 2253(c)(2), and as a result, a certificate of appealability should not issue.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Magistrate Judge King's Recommendation [**R. 82**] is **ADOPTED** as the opinion of this Court.
2. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[R. 60]** is **DENIED**.
3. No Certificate of Appealability shall issue.
4. A separate Judgment shall follow.

This the 21st day of June, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY